

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00069-CR

**TIMOTHY JOE FERCH,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 220th District Court
### Bosque County, Texas
### Trial Court No. 11-01-13865-BCCF

## MEMORANDUM OPINION

Timothy Joe Ferch pled guilty to the offense of Possession of a Controlled Substance, Cocaine, in an amount greater than 4 grams but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). He was sentenced to seven years in prison, but the sentence was probated and Ferch was place on community supervision for seven years. The State filed a motion to revoke Ferch's community supervision, and Ferch pled true to all counts of the State's motion. After a hearing, the trial court found Ferch violated his terms of community supervision and sentenced him to seven years in prison. Ferch appeals, and we affirm.

Ferch's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Ferch was informed of his right to submit a brief on his own behalf, but he did not.

Counsel asserts that she reviewed the entire record and reviews whether the trial court abused its discretion in revoking Ferch's community supervision and sentencing Ferch to seven years in prison. Counsel concludes that she can find nothing in the record which might arguably support an appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, … decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After a review of the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Ferch wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3 (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's request that she be allowed to withdraw from representation of Ferch is granted. Additionally, counsel must send Ferch a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 7, 2011
Do not publish
[CR25]